UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LADERIUS STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  No. 18-1122-JDT-cgc |
| | ) |
| LIEUTENANT CHUMLEY, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Laderius Stevens, a prisoner acting *pro se* who is incarcerated at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted pauper status and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) On October 10, 2019, the Court screened the complaint, partially dismissing Stevens's claims and directing that process be served on the First Amendment retaliation claim against Defendant Jonathan Lebo. (ECF No. 12.) Lebo was the Warden of the WTSP when the events at issue in this case occurred.

Defendant Lebo filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 9, 2020. (ECF No. 19.) Due to a change of address received from Stevens only one week later, (ECF No. 20), the Court issued an order on March 26,

2020, directing the Defendant to serve Stevens with another copy of the motion to dismiss and allowing Stevens through June 20, 2020, to respond. (ECF No. 21.) Stevens has not, however, filed any response to the motion to dismiss.

In considering a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009), *quoted in Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "Th[is] pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The factual allegations in the complaint were set out in the Court's order of partial dismissal:

> Stevens alleges that in May 2017, he was called to the property room to retrieve shoes he had specially ordered. (ECF No. 1 at PageID 6.) The property room officer would not allow Stevens to have the shoes because they were not from the approved vendor, but Stevens countered that he had Warden Lebo's permission to order the shoes. (*Id.*) The officer did not believe Stevens, so Stevens proposed they ask Warden Lebo, who was walking nearby. (*Id.* at 6-7.) Stevens and the officer found Warden Lebo, who confirmed he had given Stevens permission to order the shoes. (*Id.* at 7.) The officer refused to give Stevens the shoes, allegedly telling Warden Lebo that he could not permit only Stevens to order shoes from other vendors. (*Id.*) Warden Lebo did not reprimand the officer and allegedly walked away. (*Id.*) The next day, Stevens called Debra Johnson, Supervisor of Wardens for the Western District of Tennessee, about the incident. (*Id.*) Johnson told Stevens "she would investigate the matter." (*Id.*)

> A few days later, on May 11, 2017, Cert Team Officers Dorsey and Eastep, along with STG Coordinator Boucom, approached Stevens and his cellmate for an impromptu cell search. (*Id.* at PageID 7-8.) The officers allegedly found nothing and left. (*Id.* at PageID 8.) That evening, however, Stevens alleges that he and his cellmate received disciplinary writeups for possessing two cell phones and two knives. (*Id.*) Sergeant Fine wrote that he found the items in an air duct during the search, even though Stevens contends Fine was not one of the officers who conducted the search that day. (*Id.*)
>
> A hearing on the disciplinary report for possession of the knives, but not the cell phones, allegedly took place four days later. (*Id.*) Sergeant Fine allegedly testified that, contrary to the report, he was on the roof of the prison above Stevens's cell when he found the knives, which he passed to Officer Dorsey from the roof through a hole in the vent. (*Id.* at PageID 8-9.) Stevens insists Officer Dorsey did not tell Stevens he found contraband during the cell search, but Dorsey testified and corroborated Sergeant Fine's testimony that he had handed the knives to Dorsey through a hole in the roof. (*Id.* at PageID 9.) . . . Lieutenant Chumley found Stevens and his cellmate guilty based on Fine and Dorsey's testimony. (*Id.*) They were stripped of 12 months of good time credits and received 30 days of "punitive time" plus a $5 fine. (*Id.* at PageID 9-10.)

(ECF No. 12 at PageID 47-48.)

Defendant Lebo contends the retaliation claim against him should be dismissed because it is untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016); *Johnson v. Memphis Light, Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th

Cir. 2005); *see also Eidson*, 510 F.3d at 634; *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997).

Though state law supplies the length of the applicable statute of limitations for § 1983 actions, federal law governs when the statute begins to run:

> The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law. *Kuhnle Bros.*, 103 F.3d at 520. Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Id.* at 520. "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)); *See also Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003); *Hughes v. Vanderbilt University*, 215 F.3d 543, 548 (6th Cir. 2000).

*Eidson*, 510 F.3d at 635. *See also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984), *quoted in Robertson*, 399 F.3d at 794.

Stevens has alleged that Defendant Lebo retaliated against him by having his cell searched on May 11, 2017, which led to an allegedly false disciplinary charge for possession of knives. A hearing on that charge was held on May 15, 2017, at which Stevens was found guilty. The punishment imposed included thirty days of punitive time, the loss of twelve months good time credits, and a $5.00 fine. On May 19, 2017, Stevens was escorted to segregation to begin serving the thirty-day disciplinary sentence, but also for suspected gang activity. When he proclaimed his innocence concerning any gang activity

4

and asked for details, he was told by Sergeant Brian Galloway, the Gang Coordinator, that Defendant Lebo wanted Stevens locked up. (ECF No. 1 at PageID 7-11.)

Given these alleged facts, Stevens knew at least by May 19, 2017, that he had been injured by the allegedly retaliatory cell search and false disciplinary charge, and he also was aware of Defendant Lebo's alleged animosity toward him. The retaliation claim thus accrued no later than May 19, 2017. Stevens signed his complaint on June 6, 2018. Even if it was mailed and so deemed filed that same day, see *Houston v. Lack*, 487 U.S. 266 (1988), it was filed outside the one-year limitations period. The claim therefore is time barred.

Defendant Lebo also contends that, to the extent Stevens may be seeking damages against him for being stripped of good time credits due to a constitutionally deficient disciplinary proceeding, that claim is barred by *Edwards v. Balisok*, 520 U.S. 641 (1997). *Edwards* extended the principles of *Heck v. Humphrey*, 512 U.S. 77 (1994), to prison disciplinary convictions, but only when such a conviction affects the duration of the underlying sentence through a loss of good time credits. *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam). This Court previously construed the claims connected to the allegedly false charge and deficient disciplinary proceeding as brought only against Defendant Chumley, but if Stevens intends to assert such a claim against Lebo, it would be foreclosed by the decision in *Edwards*.[1]

---

[1] In his prayer for relief, Stevens does not specifically request restoration of his good time credits. Nevertheless, he does seek "such other relief as it may appear that plaintiff is entitled." (ECF No. 1 at PageID 16.) If a judgment were rendered in his favor finding the loss of the

For the foregoing reasons, the Court finds that Stevens's claims against Defendant Lebo fail to state a claim on which relief may be granted. The motion to dismiss is therefore GRANTED.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Stevens would not be taken in good faith. If Stevens nevertheless files a notice of appeal and wishes to pay the $505 appellate filing fee using the installment procedures of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b), he also must submit a new *in forma pauperis* affidavit and a current copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Stevens, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

credits was wrongful, it is possible he could be entitled to restoration of the credits and thus less time in prison.